UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PAUL FERRARO,

                                  Plaintiff,

          -against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                         Defendants.

**DECLARATION OF
ASSISTANT CORPORATION
COUNSEL MONICA M.
POGULA**


13-CV-5837 (LDH)(JO)
15-CV-1117 (LDH)(JO)

------------------------------------------------------------------------ x


        Monica M. Pogula declares pursuant to 28 U.S.C. § 1746 under penalties of perjury that the following is true and correct:

        1.      I am an Assistant Corporation Counsel in the office of Zachery W. Carter, Corporation Counsel of the City of New York, the attorney for defendants the New York City Department of Education ("DOE"), Ralph K. Honore ("Honore"), and Marc Slippen ("Slippen") in the above captioned action.

        2.      I submit this declaration pursuant to Your Honor's Individual Practices Rule III.A.6(b) and Local Rule 56.1, in support of defendants' Rule 56.1 statement.  It is based on the books and records maintained by defendant DOE, excerpts from depositions taken in this matter, and documents produced by plaintiff in discovery.

        3.      A true and correct copy of selected pages from the deposition of plaintiff, Paul Ferraro, taken on February 19, 2016, is annexed hereto as **EXHIBIT A**.

        4.      A true and correct copy of selected pages from the transcript of plaintiff's § 3020-a hearing (SED Case No. 24-799), taken on various dates in January, February, and March 2015, is annexed hereto as **EXHIBIT B**.

5.    A true and correct copy of selected pages from the deposition of defendant Marc Slippen, taken on February 9, 2016, is annexed hereto as **EXHIBIT C**.

6.    A true and correct copy of selected pages from the deposition of defendant Ralph K. Honore, taken on February 10, 2016, is annexed hereto as **EXHIBIT D**.

7.    A true and correct copy of Slippen's September 20, 2010 letter to plaintiff, produced by plaintiff in discovery, bearing the Bates Stamp Plaintiff-15, is annexed hereto as **EXHIBIT E**.

8.    A true and correct copy of Honore's September 24, 2010 letter to plaintiff, produced by plaintiff in discovery, bearing the Bates Stamp Plaintiff-19, is annexed hereto as **EXHIBIT F**.

9.    A true and correct copy of plaintiff's letter to "Whom it May Concern" dated September 23, 2010, bearing the Bates Stamps D001480-83, is annexed hereto as **EXHIBIT G**.

10.    A true and correct copy of the DOE Office of Equal Opportunity's Confidential Report dated December 201, 2010, regarding plaintiff's September 28, 2010 complaint, bearing the Bates Stamps D001170-75, is annexed hereto as **EXHIBIT H**.

11.    A true and correct copy of Honore's September 30, 2010 letter to plaintiff, bearing the Bates Stamp D000301, is annexed hereto as **EXHIBIT I**.

12.    A true and correct copy of Slippen's November 10, 2010 letter to plaintiff, bearing the Bates Stamp D000302, is annexed hereto as **EXHIBIT J**.

13.    A true and correct copy of plaintiff's November 30, 2010 letter to Slippen, bearing the Bates Stamp D000306, is annexed hereto as **EXHIBIT K**.

- 3 -

14.     A true and correct copy of Honore's December 21, 2010 memorandum to Grade One Teachers, produced by plaintiff in discovery, bearing the Bates Stamp Plaintiff-27, is annexed hereto as **EXHIBIT L**.

15.     A true and correct copy of Honore's December 23, 2010 memorandum to All Staff Members, produced by plaintiff in discovery, bearing the Bates Stamp Plaintiff-28, is annexed hereto as **EXHIBIT M**.

16.     A true and correct copy of selected pages from the DOE's Office of Special Investigations ("OSI") files pertaining to allegations of verbal abuse and/or corporal punishment by plaintiff, is annexed hereto as **EXHIBIT N**.

17.     A true and correct copy of plaintiff's April 8, 2011 letter to Honore, bearing the Bates Stamp D000317, is annexed hereto as **EXHIBIT O**.

18.     A true and correct copy of plaintiff's Annual Professional Performance Review forms from the school years 2010-2011, 2011-2012, and 2012-2013, bearing the Bates Stamps D000015-18, is annexed hereto as **EXHIBIT P**.

19.     A true and correct copy of plaintiff's Teacher Preference Sheet for School Year 2011-2012, dated May 25, 2011, bearing the Bates Stamp D000710, is annexed hereto as **EXHIBIT Q**.

20.     A true and correct copy of selected pages from P.S. 55Q files relating to plaintiff's grievances, is annexed hereto as **EXHIBIT R**.

21.     A true and correct copy of the undated P.S. 55Q reorganization sheets for the 2011-2012, produced by plaintiff in discovery, bearing the Bates Stamps Plaintiff-34 and Plainitff-48, is annexed hereto as **EXHIBIT S**.

22.   A true and correct copy of plaintiff's July 13, 2011, charge of discrimination filed with the U.S. Equal Opportunity Commission ("EEOC") and the EEOC's right to sue letter to plaintiff dated March 14, 2012, bearing the Bates Stamps D000933-948, is annexed hereto as **EXHIBIT T**.

23.   A true and correct copy of Honore's memorandum to all teachers regarding "Missing Materials," bearing the Bates Stamp D000465, is annexed hereto as **EXHIBIT U**.

24.   A true and correct copy of plaintiff's note to Ms. Schlock dated September 12, 2011, produced by plaintiff in discovery, bearing the Bates Stamp Plaintiff-36, is annexed hereto as **EXHIBIT V**.

25.   A true and correct copy of Honore's letter to plaintiff dated October 17, 2011, produced by plaintiff in discovery, bearing the Bates Stamp Plaintiff-39, is annexed hereto as **EXHIBIT W**.

26.   A true and correct copy of selected pages from defendant DOE's exhibits for plaintiff's § 3020-a hearing (SED Case No. 24-799), held on various dates in January, February, and March 2015, is annexed hereto as **EXHIBIT X**.

27.   A true and correct copy of the notes regarding the scheduling of plaintiff's December 2011 observation, produced by plaintiff in discovery, bearing the Bates Stamps Plaintiff-41 and Plainitff-45, is annexed hereto as **EXHIBIT Y**.

28.   A true and correct copy of the notes between plaintiff and Early Childhood Coordinator Ms. Elizabeth DeJean ("DeJean") regarding plaintiff's December 16, 2011 request for assistance, bearing the Bates Stamps D000469-470, is annexed hereto as **EXHIBIT Z**.

29.     A true and correct copy of selected pages from P.S. 55Q's professional development records pertaining to plaintiff's meetings with DeJean between December 2011 and March 2012, is annexed hereto as **EXHIBIT AA**.

30.     A true and correct copy of Honore's letter to plaintiff dated February 14, 2012, produced by plaintiff in discovery, bearing the Bates Stamp Plaintiff-65, is annexed hereto as **EXHIBIT BB**.

31.     A true and correct copy of a letter from Honore to plaintiff dated April 19, 2012, bearing the Bates Stamps D000050-53, is annexed hereto as **EXHIBIT CC**.

32.     A true and correct copy of a letter from Honore to plaintiff dated April 27, 2012, bearing the Bates Stamp D000328, is annexed hereto as **EXHIBIT DD**.

33.     A true and correct copy of a letter from Honore to plaintiff dated April 27, 2012, bearing the Bates Stamps D000191-92, is annexed hereto as **EXHIBIT EE**.

34.     A true and correct copy of a letter from Slippen to plaintiff dated May 7, 2012, bearing the Bates Stamps D000329-31, is annexed hereto as **EXHIBIT FF**.

35.     A true and correct copy of a letter from Slippen to plaintiff dated May 17, 2012, bearing the Bates Stamps D000332-33, is annexed hereto as **EXHIBIT GG**.

36.     A true and correct copy of selected pages from P.S. 55Q's files relating to the administration's formal and informal observations of plaintiff's teaching, is annexed hereto as **EXHIBIT HH**.

37.     A true and correct copy of a letter from Honore to plaintiff dated June 20, 2012, bearing the Bates Stamps D000335-37, is annexed hereto as **EXHIBIT II**.

38.     A true and correct copy of selected pages from the DOE's Office of Appeal & Reviews ("OAR") file regarding the appeals plaintiff submitted to OAR, is annexed hereto as **EXHIBIT JJ**.

39.     A true and correct copy of a letter from Honore to plaintiff dated October 12, 2012, bearing the Bates Stamp D000338, is annexed hereto as **EXHIBIT KK**.

40.     True and correct copies letters Honore received from parents of students in plaintiff's class in October 2012, bearing the Bates Stamps D000378-79 and D000382-83, are annexed hereto as **EXHIBIT LL**.

41.     A true and correct copy of plaintiff's December 5, 2012, charge of discrimination filed with the EEOC and the EEOC's right to sue letter to plaintiff dated July 31, 2013, bearing the Bates Stamps D000952-961, is annexed hereto as **EXHIBIT MM**.

42.     A true and correct copy of a letter from Honore to plaintiff dated December 7, 2012, bearing the Bates Stamp D000340, is annexed hereto as **EXHIBIT NN**.

43.     A true and correct copy of documents produced by plaintiff in discovery regarding his requests to Honore to reschedule his April 11, 2013 formal observation, produced by plaintiff in discovery, bearing the Bates Stamps Plaintiff-224-229, is annexed hereto as **EXHIBIT OO**.

44.     A true and correct copy of a letter from Slippen to plaintiff dated May 2, 2013, bearing the Bates Stamp D000341, is annexed hereto as **EXHIBIT PP**.

45.     A true and correct copy of a letter from Honore to plaintiff dated June 17, 2013, bearing the Bates Stamps D000343-45, is annexed hereto as **EXHIBIT QQ**.

46.     A true and correct copy of plaintiff's June 27, 2013, charge of discrimination filed with the EEOC and the EEOC's right to sue letter to plaintiff dated August 28, 2013, bearing the Bates Stamps D000963-972, is annexed hereto as **EXHIBIT RR**.

47.     A true and correct copy of plaintiff's DOE medical file, produced by DOE on April 14, 2015, bearing the Bates Stamps D00731-748, is annexed hereto as **EXHIBIT SS**.

48.     A true and correct copy of emails between Honore and DOE Disability Coordinator William Brewton regarding plaintiff's reasonable accommodations, bearing the Bates Stamps D0001850-51, D001863-64, and D001870 is annexed hereto as **EXHIBIT TT**.

49.     A true and correct copy of a letter from plaintiff to Honore dated March 18, 2014, bearing the Bates Stamp D0001486, is annexed hereto as **EXHIBIT UU**.

50.     A true and correct copy of a letter from Honore to plaintiff dated April 3, 2014, bearing the Bates Stamps D0000409-410, is annexed hereto as **EXHIBIT VV**.

51.     A true and correct copy of form entitled "Evaluator 2," dated "5/6" and signed by Slippen on May 12, 2014 bearing the Bates Stamps D0000442-444, is annexed hereto as **EXHIBIT WW**.

52.     A true and correct copy of a letter from DOE Office of Employee Relations Director Katherine G. Rodi to plaintiff dated March 12, 2014, produced by plaintiff in discovery, bearing the Bates Stamp Plaintiff-491, is annexed hereto as **EXHIBIT XX**.

53.     A true and correct copy of plaintiff's June 9, 2014, charge of discrimination filed with the EEOC and the EEOC's right to sue letter to plaintiff dated December 9, 2014, bearing the Bates Stamps D000973-974 and D000976-82, is annexed hereto as **EXHIBIT YY**.

- 8 -

54.     A true and correct copy of the Charges and Specifications filed by DOE against plaintiff pursuant to Education Law § 3020-a, dated April 29, 2014, bearing the Bates Stamps D001176-78, is annexed hereto as **EXHIBIT ZZ**.

55.     A true and correct copy of Hearing Officer Haydee Rosario's Opinion and Award in plaintiff's § 3020-a hearing (SED Case No. 24-799), dated August 3, 2015, bearing the Bates Stamps D001778-1830, is annexed hereto as **EXHIBIT AAA**.

56.     A true and correct copy of New York State Supreme Court Justice Joan B. Lobis's decision on plaintiff's petition pursuant to New York Civil Practice Law and Rules §7511 (*Ferraro v. Farina, et al.,* Index No. 652793/2015 (N.Y. Sup. Ct. April 11, 2016)), dated April 11, 2016, is annexed hereto as **EXHIBIT BBB**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:      New York, New York
            June 16, 2016

                                        /s/ Monica M. Pogula
                                        Monica M. Pogula
                                        Assistant Corporation Counsel